IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CASSANDRA SHEPARD; VICTORIA SALAS; JUSTIN CONNOR; BRADLEY BAXTER; PEDRO PEREZ FERNANDEZ; LYNN MAUGHMER; BRADFORD ATCHISON; ROBERT STECKLER; AND YESENIA DIAZ AND ROSMER VILLALOBOS DIAZ, Individually and On Behalf of A.D., G.D., and C.D., minors, <br><br> Plaintiffs, <br><br> v. <br><br> INTERCONTINENTAL TERMINALS COMPANY LLC, INTERCONTINENTAL TERMINALS COMPANY; MITSUI &Co. (U.S.A.), INC., and ALICE RICHARDSON, <br><br> Defendants. | CIVIL ACTION NO. _____ |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
<u>NOTICE OF REMOVAL</u>**

Defendant Intercontinental Terminals Company LLC ("ITC") hereby removes this action from the 152nd Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the basis of the following facts, which demonstrate the existence of subject matter jurisdiction in this Court.

### I.   Introduction

1.    On June 6, 2019, Cassandra Shepard, Victoria Salas, Justin Connor, Bradley Baxter, Pedro Perez Fernandez, Lynn Maughmer, Bradford Atchison, Robert Steckler, and Yesenia Diaz and Rosmer Villalobos Diaz, Individually and On Behalf of A.D., G.D., and C.D., minors (collectively, "Plaintiffs") and on behalf of others similarly situated (collectively,

41070941

"Proposed Class Members") commenced a civil action against ITC, Mitsui & Co. (U.S.A.), Inc. ("Mitsui USA"), and Alice Richardson ("Richardson") in the 152nd Judicial District Court of Harris County, Texas, bearing Cause No. 2019-38991, styled *Cassandra Shepard, Victoria Salas, Justin Connor, Bradley Baxter, Pedro Perez Fernandez, Lynn Maughmer, Bradford Atchison, Robert Steckler, and Yesenia Diaz and Rosmer Villalobos Diaz, Individually and On Behalf of A.D., G.D., and C.D., minors v. Intercontinental Terminals Company LLC; Intercontinental Terminals Company; Mitsui & Co. (U.S.A.), Inc.; and Alice Richardson* (the "Petition").[1]

2.   Plaintiffs instituted this lawsuit following the fire event that occurred at ITC's Deer Park facility beginning on March 17, 2019. Plaintiffs contend that they suffered a range of personal injury and property damages as a result of this event.[2] Plaintiffs assert nuisance, negligence, gross negligence, negligence *per se*, and negligent misrepresentation claims against Defendants.[3] Plaintiffs also seek to establish funds for medical expenses and medical monitoring for the benefit of Plaintiffs and the Proposed Class Members, along with the recovery of punitive damages.[4]

3.   On June 18, 2019, ITC was served with Plaintiffs' Original Petition.

4.   This Court has original jurisdiction over this action based upon the allegations of the Petition, because (i) it purports to be a class action, with a putative class exceeding 100 members, (ii) the matter in controversy exceeds the sum or value of five million

---

[1]   Pl. Pet. (Ex. A-1).

[2]   *Id.* at 25.

[3]   *Id.* at 9–22.

[4]   *Id.* at 22–25.

dollars, exclusive of interest and costs, (iii) a member of the proposed class of plaintiffs is a citizen of a state different from ITC, and (iv) no defendants are states, state officials, or other governmental entities. Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, 28 U.S.C. § 1332(d).

5.  Alternatively, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332(a) because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and ITC and Mitsui USA—the only arguably properly-joined defendants—are diverse from Plaintiffs. Therefore, this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

## II.  Removal is Proper in this Case pursuant to CAFA.

**A.  Plaintiffs purport to file a class action on behalf of a class exceeding one hundred members.**

6.  Plaintiffs have filed a purported class action on behalf of a class defined as: "All persons who have been exposed to, ingested, or metabolized any chemical or toxic substance that was released into the atmosphere, soil or water as a result of the event made the basis of this lawsuit."[5] Plaintiffs contend that the number of Proposed Class Members is "at least hundreds of members or more."[6]

**B.  The amount in controversy exceeds $5,000,000.**

7.  When removing a case to federal court, "a notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). It is apparent from

---

[5]  Pl. Pet. Count 6, ¶ 5 (Ex. A-1).

[6]  *Id.* Count 6, ¶ 7.

the face of Plaintiffs' Petition that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Plaintiffs assert nuisance, negligence, gross negligence, negligence *per se*, and negligent misrepresentation claims against Defendants.[7] Plaintiffs contend that they "suffered symptoms resulting from [] exposure, and are at risk of developing illness or diseases in the future because of the latency between exposure and the manifestation of such illnesses or diseases (including cancer)."[8] Plaintiffs further claim that they will require "periodic medical examinations" in order to detect any manifestation of illness stemming from the March 17, 2019 incident.[9] Plaintiffs maintain that their injuries and future medical needs are typical of the Proposed Class Members.[10]

9. Plaintiffs (13 total at present) have pled, in accordance with Texas Rule of Civil Procedure 47, that they seek "monetary relief over $1,000,000.00."[11] Plaintiffs also claim that the total number of Proposed Class Members is "at least hundreds of members or more."[12] If just five hundred class members are identified and their alleged past and future medical expenses exceed $10,000 each, the $5,000,000 jurisdictional threshold would be satisfied. Of course, it is highly likely that the Proposed Class Members will claim more than $10,000 each in damages, as Plaintiffs have already done.

---

[7] *Id.* Counts 1–5.

[8] *Id.* Count 6, ¶ 9.

[9] *Id.* Count 6, ¶ 3.

[10] *Id.* Count 6, ¶ 9.

[11] *Id.* at 4 (Monetary Relief Sought).

[12] *Id.* Count 6, ¶ 7.

10. Finally, Plaintiffs seek exemplary damages based on ITC's alleged gross negligence.[13] ITC rejects Plaintiff's contention that exemplary damages are warranted in this matter. Nevertheless, "[t]he Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law." *Holland v. CitiMortgage, Inc.*, No. 4:16-CV-3219, 2017 WL 1409137, at *1 (S.D. Tex. Apr. 20, 2017). "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted fraudulently, maliciously, or with gross negligence." *Id.* (quoting *Manon v. Texas Toyota, Inc.*, 162 S.W.3d 743, 757 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

11. Exemplary damages under Texas law "may not exceed an amount equal to the greater of . . . [(1)] two times the amount of economic damages; plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." Tex. Civ. Prac. & Rem. Code § 41.003. Given these caps, the punitive damages claims asserted on behalf of the Proposed Class Members could be sufficient, standing alone, to satisfy the amount in controversy requirement.

12. Considering the causes of action asserted by Plaintiffs on behalf of the Proposed Class Members, the injuries alleged, and the compensatory and punitive damages sought in the Petition, it is apparent that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2).

---

[13] *Id.* Count 3, ¶ 6.

**C.     A member of the proposed class is a citizen of a different state from Defendants.**

13.     For purposes of establishing diversity under CAFA, this Court need only find diversity of citizenship exists between any one putative class member and any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), 1453(a).

14.     In this case, the Proposed Class Members are identified as "All persons who have been exposed to, ingested, or metabolized any chemical or toxic substance that was released into the atmosphere, soil or water as a result of the event made the basis of this lawsuit." Because the class is thus "limited" to individuals working and/or residing in areas surrounding ITC's Deer Park facility, it is reasonably probable that at least one proposed class member is a citizen of Texas. See *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (holding that allegations in complaint that class consisted of "thousands" of "New York customers" established a reasonable probability that one of the class members was a citizen of New York).

15.     At the time this action was commenced and at present, ITC was and is a Delaware limited liability company. "[T]he citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). ITC's sole member is Mitsui USA, a co-defendant in this case and a New York corporation with its principal place of business in New York, at 200 Park Avenue, New York, NY 10166. For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, for purposes of diversity jurisdiction, Mitsui USA is a citizen of New York, and ITC is also a citizen of New York. See *Harvey*, 542 F.3d at 1080.

16.     Since ITC and Mitsui USA are citizens of New York and there is a reasonable probability that at least one of the Proposed Class Members is a citizen of Texas, the minimal diversity requirement of CAFA is satisfied. See 28 U.S.C. § 1332(d)(2)(A).

**D.     Neither ITC nor Mitsui USA are governmental entities.**

17.     CAFA does not apply to any class action in which the primary defendants are States, State officials, or other governmental entities.  28 U.S.C. § 1332(d)(5).

18.     Neither ITC nor Mitsui USA is a State, a State official, or other governmental entity.

### III.     Alternatively, Removal is Proper pursuant to 28 U.S.C. § 1332(a).

**A.     The amount in controversy is likely to exceed $75,000.**

19.     It is apparent from the face of the Petition that the amount in controversy is likely to exceed the sum or value of $75,000, exclusive of interest and costs.  Plaintiffs assert nuisance, negligence, gross negligence, negligence *per se*, and negligent misrepresentation claims against Defendants and seek to recover for a litany of damages allegedly resulting from this incident, including costs for medical care, physical pain and mental suffering, physical impairment, physical disfigurement, loss of earning capacity, property damage, medical monitoring, injury to land, injury to business, and remediation costs.[14]  Plaintiffs also seek to recover exemplary damages in connection with their gross negligence claim.[15]

20.     Lest there be any doubt as to the amount in controversy, Plaintiffs affirmatively allege that they seek "monetary relief in excess of $1,000,000"[16] and "in an amount exceeding $75,000.00."[17]  Plaintiffs' contentions regarding the monetary relief they seek are controlling in this case for purposes of establishing diversity jurisdiction.  *See* 28 U.S.C.

---

[14]    Pl. Pet., 25 (Damages Applicable to All Counts).

[15]    *Id.* Count 3, ¶ 6.

[16]    *Id.* at 4 (Monetary Relief Sought).

[17]    *Id.* Jurisdiction, ¶ 4.

1446(c)(2) ("If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

**B.     There is complete diversity of citizenship because ITC and Mitsui USA are the only arguably proper defendants.**

21.     At the time this action was commenced and at present, all Plaintiffs were and remain citizens of the State of Texas.[18]

22.     As set forth above, both ITC and Mitsui USA were at the time this lawsuit was filed and remain citizens of New York for purposes of diversity jurisdiction.

23.     At the time this action was commenced and at present, Richardson was and remains a citizen of Texas. Were Richardson a proper party to this lawsuit, her presence would preclude the Court's exercise of its diversity jurisdiction. However, because she was improperly joined (as explained below), her citizenship is ignored for purposes of the removal analysis. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 948 (S.D. Tex. 2016) ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction.").

**C.     Richardson was improperly joined because there is no possibility that Plaintiffs can establish a cause of action against her.**

24.     A defendant is improperly joined if there is no possibility of recovery by the plaintiff, meaning that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The Court "conduct[s] a Rule 12(b)(6)-type analysis" to determine whether there is a reasonable basis to predict that the plaintiff may

---

[18]    Pl. Pet. ¶¶ 2–8 (Ex. A-1).

recover from the non-diverse defendant. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915 (5th Cir. 2009). Alternatively, "if the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may pierce the pleadings and conduct a summary inquiry." *Id.* (internal quotations omitted).

25. In determining whether a plaintiff has stated a claim against the in-state defendant under a Rule 12(b)(6)-type analysis, the court must look to "the state court complaint *at the time of removal*," for "a plaintiff cannot defeat removal by amending" her complaint. *Cavallini v. State Farm Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (emphasis added). Moreover, courts are to apply "the federal pleading standard" in evaluating the plaintiff's state-court complaint. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 203–04 (5th Cir. 2016). Thus, "a plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, 527 F. Supp. 2d 625, 636 (S.D. Tex. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), *aff'd*, 337 F. App'x 397 (5th Cir. 2009).

26. Plaintiffs' claims against Richardson fail to meet this standard.

27. Richardson serves as ITC's Vice President of Human Resources. Plaintiffs have asserted negligence, gross negligence, negligence *per se*, and negligent misrepresentation claims against her premised solely on public statements she made on behalf of her employer, ITC, following the incident at issue in this lawsuit:

- "Defendant Alice Richardson, she failed to properly disclose and warn the public in general and specifically Plaintiffs of the high levels of dangerous chemicals and carcinogens being released into the atmosphere as a result of the burning tanks at the ITC facility."[19]

---

[19] Pl. Pet. Count 2, ¶ 3 (Ex. A-1).

- "Defendant Alice Richardson made representations to Plaintiffs, the residents of the affected communities, and public at large concerning the ITC facility, the risk and consequences of the fires and the emission of toxic chemicals into the atmosphere. Defendants downplayed the risks associated with the fires and toxicity of the chemicals at issue. On or about March 18, 2019, Defendant Richardson released statements that the 'risk of explosion remained minimal' and 'the air quality around the facility was below levels that would represent a health concern.'"[20]

28. Under Texas law, both negligence generally and the duty to warn specifically are duties of the business that do not create an independent duty in the employee. *See, e.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) (holding that corporate officers of a company could not be held liable to an employee for injuries he sustained while working for the company). "[C]orporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an *independent duty of care*." *Id.* (emphasis added). Otherwise, liability rests solely with the employer.

29. Here, Richardson, acting as a spokesperson for her employer, ITC, owed no duty to Plaintiffs individually or distinct from duties allegedly owed by ITC. Plaintiffs' own allegations make that abundantly clear. Their claims are premised exclusively on statements Richardson made on ITC's behalf following the incident at ITC's Deer Park facility, not on the breach of any duty allegedly owed by Richardson individually or her independently tortious conduct. Under these circumstances, Richardson cannot be held liable to Plaintiffs as a matter of Texas law. *See Morrow v. Wyeth*, CIV.A. B-05-209, 2005 WL 2621555, at *4 (S.D. Tex. Oct. 13, 2005) (holding that sales representatives for a pharmaceutical company were improperly joined because claims premised on failures to warn and improper warnings with respect to dangers of a certain drug were not cognizable against sales representatives under Texas law); *Leitch*, 935 S.W.2d at 117; *In re Butt*, 495 S.W.3d 455, 466 (Tex. App.—Corpus Christi 2016,

---

[20] *Id.* Count 5, ¶ 3.

no pet.) (holding that plaintiffs' petition failed to allege cause of action against employee defendants because it did not contain "any facts that would support a conclusion that [the employee defendants] possessed any duties to the [plaintiffs] separate and apart from those duties owed to the [the plaintiffs] by [the defendant employer]").

30. Recognizing that their claims are premised solely on the public statements made by Richardson on ITC's behalf, Plaintiffs also attempt to characterize their claims as ones for negligent misrepresentation. This effort also fails. To state a claim for negligent misrepresentation under Texas law, a plaintiff must plead: "(1) the defendant made a representation in the course of the defendant's business, or in a transaction in which the defendant had a pecuniary interest; (2) the defendant supplied 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Lindsey Constr., Inc. v. AutoNation Fin. Services, LLC*, 541 S.W.3d 355, 366 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 429, 442 (Tex. 1991)).

31. The statements at issue here were made to the public in the course of an ongoing incident response, not to effectuate a business transaction.[21] Thus, Plaintiffs cannot establish that the statements were made "in the course of the defendant's business, or in a transaction in which the defendant had a pecuniary interest" or that "the defendant supplied 'false information' for the guidance of others in their business"—two necessary elements of a negligent misrepresentation claim. *See Lindsey Constr., Inc.*, 541 S.W.3d at 366.

---

[21] Pl. Pet. Count 2, ¶ 3; Count 5, ¶ 3 (Ex. A-1).

32. Because Plaintiffs' Petition reveals no reasonable possibility that they can recover against Richardson individually, she has been improperly joined in this lawsuit, and her citizenship is ignored in the removal analysis. *See Lopez*, 197 F. Supp. 3d at 948 ("[T]he court may ignore an improperly joined, non-diverse defendant when determining its subject-matter jurisdiction."). Thus, complete diversity exists.

### IV. The Procedural Requirements for Removal have been Satisfied

33. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of June 18, 2019—the date ITC was served with process of Plaintiffs' Petition.

34. The United States District Court for the Southern District of Texas, Houston Division, includes the county in which the state court action is now pending. Therefore, this Court is a proper venue for removal of this action pursuant to 28 U.S.C. §§ 124(b)(2) and 1441(a).

35. Mitsui USA consents to this removal, as evidenced by its notice of consent to be filed upon removal of this lawsuit.

36. While unnecessary because she has been improperly joined, *see Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007), Richardson consents to this removal, as evidenced by her notice of consent to be filed upon removal of this lawsuit.

37. Pursuant to 28 U.S.C. § 1446(d), ITC is simultaneously filing written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C § 1446(d).

38. Pursuant to Local Rule 81 for the Southern District of Texas, ITC attaches the following indexed documents to this removal:

(i) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross-actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

(ii) All executed process in the case (Exhibit B);

(iii) All orders signed by the State Judge (Exhibit C);

(iv) The docket sheet (Exhibit D);

(v) An index of matters being filed (Exhibit E); and

(vi) A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit F).

39. ITC submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief may be granted, without admitting that Plaintiffs have standing, and without admitting that Plaintiffs are entitled to any monetary or equitable relief whatsoever.

## V. Conclusion

ITC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

Dated:  July 5, 2019

OF COUNSEL:
Michael S. Goldberg
Texas Bar No. 08075800
Federal I.D. No. 01279
Benjamin Gonsoulin
Texas Bar No. 24099682
Federal I.D. No. 2969896
Kelly Hanen
Texas Bar No. 24101862
Federal I.D. No. 3038458
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:  (713) 229-1522
michael.goldberg@bakerbotts.com
ben.gonsoulin@bakerbotts.com
kelly.hanen@bakerbotts.com

Ivan M. Rodriguez
Texas Bar No. 24058977
Federal I.D. No. 4566982
Marc G. Matthews
Texas Bar No. 24055921
Federal I.D. No. 705809
Michael E. Streich
Texas Bar No. 24079408
Federal I.D. No. 1339959
PHELPS DUNBAR LLP
500 Dallas, Suite 1300
Houston, Texas  77002
Telephone:  (713) 626-1386
Telecopier:  (713) 626-1388
ivan.rodriguez@phelps.com
marc.matthews@phelps.com
michael.streich@phelps.com

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
    Russell C. Lewis
    Attorney-in-Charge
    Texas Bar No. 24036968
    Federal I.D. No. 569523
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone:  (713) 229-1767
    Facsimile:  (713) 229-2867
    russell.lewis@bakerbotts.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## CERTIFICATE OF SERVICE

   I hereby certify that on July 5, 2019, a copy of this document has been served on the following counsel of record by electronic mail:

Charles R. Houssiere, III
Houssiere, Durant & Houssiere, L.L.P.
1990 Post Oak Blvd., Suite 800
Houston, TX 77056
choussiere@HDHtex.com

                */s/ Russell Lewis*
                Russell Lewis